UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12666-RGS

BRIAN MCCARTHY

v.

KATHRYN SWEENEY, et al.

MEMORANDUM AND ORDER

November 18, 2025

STEARNS, D.J.

*Pro se* litigant John McCarthy has filed a complaint in which he alleges wrongdoing by attorneys, a legal assistant, his former partner, a court reporter, and a state judge in an ongoing child custody dispute. According to McCarthy, the trial court issued a judgment adverse to him, which is now on appeal. McCarthy has also filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the court will grant the motion for leave to proceed *in forma pauperis* and dismiss this action.

## Motion for Leave to Proceed *in Forma Pauperis*

Upon review of McCarthy's for leave to proceed *in forma pauperis*, the court concludes that he has adequately shown that he is unable to prepay the filing fee. Accordingly, the motion is GRANTED.

**Review of the Complaint**

I.  Court's Authority to Review the Complaint

Because McCarthy is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In addition, the court must consider whether it has jurisdiction to adjudicate McCarthy's claims, *see Federated Mut. Ins. Co. v. Peterson's Oil Serv., Inc.*, 155 F.4th 1, 5-6 (1st Cir. 2025), and "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). The scope of a federal district court's subject matter jurisdiction is defined by Congress. Federal district courts have original jurisdiction over claims arising under federal law, *see* 28 U.S.C. § 1331, and between parties that are "citizens of" (or, in other words, domiciled in) different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Where a litigant sets forth a claim under § 1331 or § 1332, the court may, in its discretion, exercise supplementary jurisdiction over any

other related claims that do not fall within the jurisdictional grants of § 1331 or § 1332. *See* 28 U.S.C. § 1367(a).

In conducting this review, the court liberally construes McCarthy's complaint because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

II.   McCarthy's Complaint

The court writes for the parties and assumes the reader's familiarity with the complaint.

McCarthy brings this action against: state court Judge Jennifer Allen; Marcie Lombard, the mother of the child whose custody is the subject of the state court proceeding; Deborah Katz, Peri Kutchin, and Katz Legal Group, LLC, attorneys for the mother and their law firm; Lindsay Alberico, a legal assistant at Katz Legal Group, LLC; Kathryn Sweeney, individually and d/b/a Gabriel & Sweeney Court Report, who was the court reporter for McCarthy's deposition. McCarthy's claims focus on three aspects of the trial court proceedings: (1) Lombard's unlawful access of McCarthy's home and firearm, evidence of which Judge Allen allowed Lombard's attorneys to introduce in court; (2) Judge Allen's refusal to admit certain exhibits McCarthy filed (at 11:59 pm on the day the filing was due) unless Lombard's attorneys consented to the filing, and the attorneys' refusal to give such

consent; and (3) the attorneys' introduction of McCarthy's deposition testimony into evidence, even though (i) the transcription did not include a segment of the deposition in which Katz berated Plaintiff; (ii) Sweeney certified the transcript as true and accurate, even though she had not allowed McCarthy to review and correct the transcript without purchasing a copy of the document.

McCarthy invokes this court's federal question subject matter jurisdiction under § 1331. The complaint is in twenty-four counts. In counts I, II, VIII, IX, X, XII, XIII, XIV, XVI, XXIII, XXIV, McCarthy brings claims under 42 U.S.C. § 1983 ("§ 1983"). In Count XV, McCarthy brings a claim under § 1983 and 42 U.S.C. § 1985(2) ("§ 1985(2)"). The twelve other counts are under state law.

III. Claims Arising Under Federal Law

To state a claim upon which relief may be granted, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plaintiff's obligation to provide the grounds of his claim "requires more than

4

labels and conclusions." *Twombly*, 550 U.S. at 555. A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting in part *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Here, McCarthy's claims under federal law --§ 1983 and § 1985(2)-- fail to state a claim upon which relief may be granted.

    A.    Section 1983 Claims

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983." *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

        1.    Judge Allen

McCarthy has failed to state a claim upon which relief may be granted against Judge Allen. Although it does not appear that McCarthy seeks monetary damages from Judge Allen, the court notes that Judge Allen would have judicial immunity vis-à-vis any claims for damages. *See Pierson v. Ray*,

386 U.S. 547, 554 (1967) ("Judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly.").

In addition, injunctive relief against Judge Allen is not available. Section 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Neither circumstance exists here. McCarthy does claim that "there is no mechanism in state court to declare [the trial court's] practices unconstitutional," Compl. ¶ 16; *see also id.* ¶ 23 ("The Massachusetts Probate and Family Court provides no mechanism for declaratory relief against its own unconstitutional practices. Plaintiff attempted to raise these issues through objections and multiple post-judgment motions, but relief was denied.").  But McCarthy cannot plausibly plead that "declaratory relief was unavailable" as long as he can "appeal any decision or challenge it in a petition for an extraordinary writ." *McCone v. Thorpe*, 828 Fed. App'x 698 (11th Cir. 2020) (Mem.); *see also Grove v. Groome*, 817 F. App'x 551, 555 (10th Cir. 2020) (stating that, where the plaintiff "had alleged the unavailability of declaratory relief by unsuccessfully urging the state court to address his appeal on the merits," the plaintiff had

"not shown declaratory relief was unavailable; he ha[d] shown only that he did not prevail," and "[m]ore [was] required to show the unavailability of declaratory relief"). Here, McCarthy has appealed Judge Allen's judgment against him, and he may raise in the appeal the very issues for which he seeks declaratory relief in this action.

2. Private Defendants

McCarthy has not plausibly pled that conduct of the other defendants—all of whom are private parties—can be fairly attributable to the state. McCarthy characterizes the conduct of Judge Allen and the private defendants as "joint action." For example, McCarthy alleges that Lombard's unlawful access of his personal information was "state action" because Judge Allen allowed the unlawfully obtained information to be admitting into evidence. *See, e.g.*, Comp. ¶ 104 ("By admitting and ratifying the use of stolen text messages, Defendants acted jointly under color of law [and] validated and entrance an unreasonable search and seizure of Plaintiff's private electronic data."); *id.* ¶ 123 ("By converting private misconduct into admissible state-endorsed evidence, Defendants acted jointly with the court in carrying out an unconstitutional search and seizure.").

With regard to Judge Allen allowing the motion in limine of the attorney defendants to exclude to exclude the documents McCarthy filed at

7

11:59 p.m., McCarthy alleges that the private defendants "acted jointly with the court under color of law by initiating, procuring, and ratifying exclusion through their Motion in Limine and arguments adopted by Judge Allen." *Id.* ¶ 187.  With respect to the use of false or incomplete deposition testimony, McCarthy alleges: "Defendant Sweeney's unlawful demand for payment and false certification of an unreviewed transcript became state action once the transcript was admitted and relied on by the court.  By introducing and exploiting the tainted transcript at trial, Katz and her firm acted jointly with sweeney and the tribunal in denying Plaintiff his Rule 30(e) rights." *Id.* ¶ 232; *see also id.* ¶ 268 ("By demanding unlawful payment, halting the record, and certifying a false transcript, Defendants engaged in arbitrary and abusive conduct.  This conduct because state action when the court ratified and relied on the transcript in adjudicating custody.  Their joint participation with the tribunal deprived Plaintiff of substantive due process.").

Under McCarthy's theory of "joint action" with the state, any attorney whose motion or argument was allowed or sustained by the court may be attributable to the state for purposes § 1983.  This theory of state action is untenable.  In addition, any conclusory allegations of an agreement between Judge Allen and the private defendants to work against McCarthy do not

8

sufficient plead that the private defendants were acting under color of state law.

    B.    Section 1985(2)

The second part of § 1985(2) prohibits conspiracies to obstruct "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985(2). "Because that language is 'directed toward the equal protection of the laws,' a plaintiff must allege a 'class-based, invidiously discriminatory animus' to state a plausible § 1985(2) claim." *Knowlton v. Shaw*, 704 F.3d 1, 11-12 (1st Cir. 2013) (quoting *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir. 1975)).

Here, McCarthy alleges that private defendants are liable under § 1985(2) because they engaged in "a conspiracy to obstruct justice and deprive Plaintiff of fair trial rights" by omitting certain parts of McCarthy's deposition from the transcript and not permitting him to correct the transcript. Compl. ¶ 260. The Complaint fails to state a § 1985(2) claim because "it fails to allege any racial, or otherwise class-based, invidiously discriminatory animus underlying the [defendants'] actions." *Knowlton*, 704 F.3d at 12.

IV. Dismissal of Action

As set forth above, all of McCarthy's claims arising under federal law fail to state claim upon which relief may be granted, and there is no indication that the deficiencies in these claims could be cured by amendment. Therefore, the court will dismiss these claims. With the dismissal of claims arising under federal law and the absence of any jurisdiction under § 1332, there no longer remains a claim in this action over which this court may exercise original subject matter jurisdiction. The court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

## ORDER

In accordance with the foregoing, the motion for leave to proceed *in forma pauperis* is GRANTED and this action is DISMISSED. The dismissal is without prejudice as to the state law claims.

**SO ORDERED.**

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE